(Opinion published 52 N. W. Rep. 48.)

PETER BOHAN *vs.* ST. PAUL & DULUTH RAILROAD CO.

Argued April 27, 1892. Decided May 5, 1892.

**Evidence Sufficient.**—Evidence *held* sufficient to sustain the verdict.

Appeal by defendant, the St. Paul & Duluth Railroad Company, from an order of the District Court of St. Louis County, *Stearns, J.,* made March 26, 1891, denying its motion for a new trial.

Peter Bohan, the plaintiff, was a brakeman in the employ of defendant, and brought this action to recover $15,000 damages for loss of his left foot. He claimed that defendant negligently omitted to properly block and keep in good condition the frog on its track at a grade crossing of the Northern Pacific Railway track; that, while he was uncoupling a car which was being pushed in front of the engine, his foot was caught in this frog, and held, run over, and crushed, and had to be amputated. The action was tried May 27, 1890. The plaintiff had a verdict for $10,000. The defendant moved the court to set this verdict aside, and grant a new trial. Being refused, it appealed. The questions discussed were as to the facts on the evidence.

*Wm. H. Bliss, J. D. Armstrong, White, Reynolds & Schmidt,* and *Lusk, Bunn & Hadley,* for appellant.

*Jno. Jenswold, Jr.,* for respondent.

GILFILLAN, C. J. The action is for an injury caused to plaintiff while in the employment of defendant, and while uncoupling cars from a locomotive, which, with its front to the cars, was pushing them forward. The injury is claimed to have been caused by plaintiff's foot being caught in a frog by reason of its not being sufficiently blocked and guarded, as required by Laws 1887, c. 16, so that the foot was held until a wheel of the locomotive passed over and crushed it.

The evidence as to the condition of the frog at the time of the injury was not of the most satisfactory kind on either side, but, such as it was, we think it was for the jury to determine from it whether the defendant had done, to make it safe, what the statute requires. The evidence on the point that the injury was caused by the foot being caught in the frog, in consequence of the latter being in bad condition, instead of being caused, as defendant claims, by its being caught by the cowcatcher, and crushed against some resisting obstacle, the risk of which was one of those assumed by plaintiff under the circumstances, was also not of the most convincing character. There is evidence indicating each state of the facts. We think the jury might find from it that the plaintiff had so far freed his foot from the pressure of the cowcatcher that, had it not been caught and held in the frog, he would not have been injured. The facts that, while the cowcatcher must have exerted its pressure upon the leg above the ankle, there was no injury at that part of the limb, as would almost necessarily have been the case had it been caused by the limb being caught between the pressure of the cowcatcher behind and the resistance of some obstacle in front, go far to support such a finding.

This disposes of the only questions in the case which we deem it necessary to specifically mention.

Order affirmed.

(Opinion published 52 N. W. Rep. 133.)