LUCIE REMILLARD *et al. vs.* FRANK BLACKMARR *et al.*

Argued April 21, 1892.  Decided May 5, 1892.

**An Act of the Territorial Legislature Incorporating Certain Towns Construed.**—Ex. Sess. Laws 1857, ch. 18, § 34, construed, and *held,* the requirement therein that the deed to occupants, entitled under the act of congress of May 23, 1844, "An act for the relief of citizens of towns upon lands of the United States under certain circumstances," 5 U. S. Stat. ch. 17, p. 657, shall be under the hand of the president of the town, does not apply to towns created by said chapter for which no such office as president is appointed.

Appeal by plaintiffs, Lucie Remillard and five others, her children, from an order of the District Court of St. Louis county, *Stearns,* J., made August 29, 1891, refusing them a new trial.

This action was brought under 1878 G. S. ch. 75, § 2, to determine the adverse claims of the defendants, Frank Blackmarr and twenty-two others, to eighteen unoccupied town lots in the village of Fond du Lac, in St. Louis county.  The plaintiffs claimed title in fee as the widow and children—heirs at law—of Narcisse Remillard, deceased, who died intestate in 1890.  He derived title by a deed made to him September 1, 1867, by D. Geo. Morrison as recorder, J. B. Culver as treasurer, and Francis Roussain as trustee, surviving members of the Town Council of Fond du Lac, in the county of St. Louis, Minn.  The lands comprising the townsite were entered at the United States local land office on August 5, 1858.  The patent was issued October 5, 1860, to Reuben B. Carlton as president, Donald George Morrison as recorder, Joshua B. Culver as treasurer, Francis Roussain and Alexander Paul as trustees, composing the Town Council of Fond du Lac.  By it the United States granted the land to them in trust for the use and benefit of the occupants pursuant to the Federal Townsite Act of May 23, 1844, (5 U. S. Stat. ch. 17, p. 657.)  The land had already been platted in blocks, streets, and lots.  Carlton and Paul died after the date of the patent, and before the date of the deed.

The action was tried June 30, 1891. The plaintiffs offered in evidence the record of the deed to Remillard. The defendants objected to it on the ground that the deed was not executed by the president of the Town Council of Fond du Lac, nor did it purport to be the act of the Town Council, or of the board sitting as a board, or to be the act of the proper authorities of Fond du Lac. The court sustained the objection and excluded the evidence. The plaintiffs excepted to this ruling. The court made findings of fact, and ordered judgment dismissing the action. Plaintiffs moved for a new trial for error in excluding the record of this deed. The motion was denied, and plaintiffs appealed.

*White, Reynolds & Schmidt,* for appellants.

*W. B. Phelps, W. A. Cant, J. A. Richards,* and *Edson & Hanks,* for respondents.

GILFILLAN, C. J.   Ex. Sess. Laws 1857, ch. 18, entitled "An act to incorporate certain towns in this territory, and to provide for town governments within the same," was a notable specimen of legislation. It contained fifty-two (52) sections. Each of the first thirty (30) sections described certain land, and declared it to be created a town corporate by the name given it in the section. Some of these sections provided what officers the town created by it should have,—in some instances a president, recorder, and trustees; in some a president and trustees, with power to appoint a recorder; in some only a council or board of trustees,—and wherever the section provided what officers the town should have it named the first set of such officers. In other sections the land was merely declared incorporated, without any provision as to what officers the incorporation should have, and without any indication how or by whom that matter should be determined. And, except in regard to the first set of officers appointed in some of the cases, and except that in one or two instances the "council" or "board of trustees" are authorized to fill vacancies, there is no provision pointing out how, when, or by whom the offices, even where it is provided what offices the corporation shall have, shall be filled. Section thirty-two (32) makes it the duty of the common council of said towns to enter so much land within

the limits of the town as could be entered under the act of congress entitled "An act for the relief of citizens of towns upon lands of the United States under certain circumstances, approved May 23, 1854," (1844.)   Section thirty-three (33) makes it the duty of the town council of each of said towns not surveyed and platted to cause three hundred and twenty (320) acres to be surveyed and platted.   Section thirty-four (34) provides that it shall be the duty of the town council of each of said towns to "deed, under the hands of the president, and attested by the recorder, and sealed with the seal of said corporation," the lots to which, as it shall ascertain, each person is entitled under said act of congress.   Sections 35, 36, 37, and 38 contain general provisions that apply to said towns, and 39, 40, 41, 42, 43, and 44 contain provisions that appear to relate only to one town.   Section forty-five (45) provided when the act should take effect.   Section forty-six (46) declared certain land to be created a town corporate by the name and style of Fond du Lac, and it named five persons as the town council, who were to hold their offices for one year, and until their successors should be elected and qualified; but it provided for no other officers, nor did it provide how, when, or by whom elections or appointments should be had of members of the council to succeed those appointed by the act.   Sections 47, 48, 49, 50, 51, and 52 each create a town corporation; three of the sections providing for and appointing members of a town council, but no other office, and the other three not providing for any office at all.

The persons named in section forty-six (46) as the town council of Fond du Lac were R. B. Carlton, Alexander Paul, D. George Morrison, J. B. Culver, and Francois Roussain.   By Sp. Laws 1867, ch. 66, § 1, this section forty-six (46) was amended so as to provide, among other things, that a majority of the council should constitute a quorum to do business; that such quorum should have power to appoint their president, secretary or clerk, and treasurer.   It seems that at some time—precisely when does not appear—Carlton was elected or came to be known as president, Morrison as recorder, and Culver as treasurer.   It also appears, though it does not appear when, that certain lands within the limits of the town were entered under the act of congress of 1844, and that a patent was issued—the

date does not appear—to "Reuben B. Carlton as president, Donald George Morrison as recorder, Joshua B. Culver as treasurer, Francois Roussain and Alexander Paul as trustees, of the town council of Fond du Lac, St. Louis county, Minnesota, and as the proper corporate authorities thereof, in trust for the several use and benefit of the occupants thereof," etc. Prior to September 1, 1867, Carlton and Alexander died, and their offices do not appear to have been filled. On that day the three survivors conveyed the land in controversy to Narcisse Remillard, professedly in execution of the trust under the act of congress. In the deed they were described as "D. George Morrison, recorder, J. B. Culver as treasurer, and Francois Roussain as trustee, surviving members of the town council of Fond du Lac," etc., and they subscribed the deed as recorder, treasurer, and trustee, and affixed their seals and the seal of the corporation.

The objection made to this deed is that it is not "under the hand" of the president, as required by section thirty-four, (34,) aforesaid.

The act of congress referred to authorized the corporate authorities of any incorporated town settled upon public land to enter the same to the amount of 320 acres in trust for the several use and benefit of the several occupants thereof, the execution of the trust to be conducted under such rules and regulations as might be prescribed by the legislative authority of the state or territory.

The territorial act of March 3, 1855, (Pub. Stat. 1858, ch. 33,) provided for corporate authority executing such trusts.

So far as concerned power to enter the lands, to assume and execute the trusts, the provisions of sections 32, 33, and 34 of Ex. Sess. Laws 1857, ch. 18, were wholly unnecessary, for that power would have existed though nothing had been said about it in that act. As soon as the towns were incorporated with corporate authorities who could act, the power to enter the lands and to assume and execute the trusts would attach by virtue of the act of congress of 1844,—5 U. S. Stat. ch. 17, p. 657,—and the territorial act of March 3, 1855, Pub. Stat. 1858, ch. 33. Section thirty-four, (34,) therefore, is not to be taken as in the nature of an enabling act; that is, as enabling the corporate authorities to do anything. The most that can be said of it is that it prescribes how the corporate authorities to which it is

applicable shall or may exercise the power already existing to carry the trust into effect.    There might, in the absence of a provision like that in section thirty-four, (34,) be a suggestion that all the officers constituting the "corporate authorities" must join in the conveyance to the occupant, or that they might, by some formal act, designate some person to execute the conveyance for them.

There can be no doubt, under the act of congress and territorial act of 1855, that, if the council or board of trustees of an incorporated town are to be taken as the ."corporate authorities," the trust would be well executed, so far as the conveyance is concerned, by all the members joining in their official capacity.    It follows that, unless section thirty-four, (34,) was applicable to the town of Fond du Lac, and unless the mode of execution prescribed, to wit, under the hand of the president, is in exclusion of the mode that might otherwise have been pursued, this deed was properly executed.

It is argued on behalf of appellant that section thirty-four (34) does not apply to the towns created by any of the subsequent sections, because the terms "each of said towns" refer only to those mentioned in preceding sections.    Strictly and ordinarily this would be so. But from the manner in which the act was made up, as is apparent from its structure, we think the terms as applicable to the following as to the preceding sections.    It is apparent that, when introduced, the bill was deemed complete at the end of section forty-five, (45,) and that the subsequent sections were tumbled into it during its passage, without any idea on the part of the legislature that the general provisions would not be as applicable to them as to the sections in the bill as originally framed.    A more serious question is this: Was the requirement that the deed should be under the hand of the president intended to apply—could it apply—to the case of a town for which no such officer as president was provided?    We are, of course, to presume that the legislature did not intend to disable any town created by the act to execute the trust under the act of congress and the act of 1855.    And it follows that a requirement in general terms, which any of the towns could not comply with, was not intended to apply to such towns.    The act provided for the town of Fond du Lac no such officer as president.    The only corporate

authorities provided for were the town council, consisting of five persons, a majority of whom, under the act of 1367, would constitute a quorum, and could transact all the business that could be done by the five.   It is true, the council, when assembled, might, as may all legislative or deliberative bodies, elect one of their number to preside over their deliberations, either at the particular meeting or for a term, and might designate him as president, chairman, speaker, or by any other name; but the only corporate office of such person would be that of a member of the council.   We are of opinion that section thirty-four (34) was not intended to apply to any towns except such as were to have a president.   If it may be claimed the act intended that a presiding officer should be elected by the council or board of trustees, and that the deed should be under his hand, yet it cannot be held, in the absence of legislative authority, they could elect any but one of their own number as such presiding officer.   In this case the deed was executed by every one of the council, by each then existing corporate officer provided in the act.   Had they, before executing, elected a president, he would of necessity have been one of those who joined in executing the deed.   No one could have been president except one of those.   So that the deed is under the hand of each of the persons who alone could be elected president.   The provision of section thirty-four (34) is only a mode for the "corporate authorities" to perform the trust by executing the conveyance.   To hold that before executing it they ought to have elected one of those joining in the execution president, and had him so describe himself in his subscription, and that the deed is void because that was not done, would, we think, be regarding the form as of more consequence than the substance.

The deed was properly executed.

Order reversed.

Application for reargument denied May 17, 1892.

(Opinion published 52 N. W. Rep. 133.)