EDWARD A. DADORE v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 5, 1901.

Nos. 12,562—(180).

**Verdict Sustained by Evidence.**
> The evidence in this case examined, and considered, and *held* to sustain the verdict of the jury.

Action in the district court for Ramsey county to recover $15,000 damages for personal injuries. The case was tried before Jaggard, J., and a jury, which rendered a verdict in favor of plaintiff for $2,000. From an order denying a motion for judgment in its favor notwithstanding the verdict, or for a new trial, defendant appealed. Affirmed.

*C. Wellington*, for appellant.

*T. D. Sheehan* and *D. J. Keefe*, for respondent.

BROWN, J.

This was an action to recover for personal injuries alleged to have been occasioned by the negligence of the defendant. Plaintiff had a verdict in the court below, and defendant appeals from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

Plaintiff was a brakeman in the employ of defendant, and received his injuries while engaged in coupling the front end of an engine to a caboose in the yards of the defendant at Melrose; the

[1] Reported in 86 N. W. 888.

specific charge of negligence being that because of the fact that the blocking in the frog at the switch, over which the act of coupling took place, was defective and out of repair, plaintiff's foot became caught therein and held firmly, until the forward trucks of the engine passed over it, entirely cutting off two of his toes.

The only question presented by the assignments of error is whether the verdict of the jury is sustained by the evidence. It is contended very strongly and earnestly on the part of the defendant that the evidence is wholly insufficient, and clearly and palpably against the findings of the jury. We have examined the evidence with care and patience, read the entire record through, and reach the conclusion that the case comes within the familiar rule by which this court is guided, and that the evidence, though quite strong in defendant's favor, is not so clearly and palpably against the verdict as to warrant this court to interfere and set it aside. The case is very similar, with respect to the questions argued in this court, to Bohan v. St. Paul & D. R. Co., 49 Minn. 488, 52 N. W. 133; and what is there said by the late Chief Justice GILFILLAN may be repeated here.

The order appealed from is affirmed.